AARON M. CLEFTON, Esq. (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C #336
Alameda, CA 94501
Telephone: 510/832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
DAVID NICHERIE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NICHERIE,<br><br>    Plaintiff,<br><br>    v.<br><br>HOLLAND PARTNER GROUP, LLC;<br>2016 TELEGRAPH OWNER, LLC,<br><br>    Defendants. | CASE NO. 4:25-cv-03558<br><u>Civil Rights</u><br><br>COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:<br><br>1) Violation of the Federal Fair Housing Act (42 U.S.C. § 3601 *et seq.*)<br><br>2) Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*)<br><br>3) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*)<br><br>4) Violation of the California Unruh Act (Civil Code § 51(b))<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff DAVID NICHERIE complains of Defendants HOLLAND PARTNER GROUP, LLC; 2016 TELEGRAPH OWNER, LLC, and alleges as follows:

1.    **INTRODUCTION:** Plaintiff DAVID NICHERIE bring this action against HOLLAND PARTNER GROUP, LLC and 2016 TELEGRAPH OWNER, LLC, the owners and operators of the apartment building located at 2016 Telegraph Ave, Oakland, California, ("Forma Building") alleging discrimination on the basis of disability in violation of the Federal Fair

1
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

Housing Act, 42 U.S.C. § 3601, et seq., and related state laws.

2. Defendant repeatedly allowed non-disabled residents and their own non-disabled employees to park in only two available disabled parking spaces in the Forma Building. There is more stringent enforcement of the dog-poop pickup policy than the accessible parking policies at the Forma Building. This, despite Plaintiff's repeated and consistent complaints and requests over many months that the parking policies be enforced. A resident is more likely to be fined for bad dog behavior than face consequences for illegally occupying the disabled parking spaces. Moreover, even Defendant's security employees are allowed to help themselves to disabled parking spaces. When Plaintiff complained about this practice to security, the able-bodied guard whose car was parked there got inches from Plaintiff's face and emphatically refused to move his vehicle. Plaintiff brings this lawsuit as a last resort to address the lack of parking enforcement and inaccessibility of parking policies for him as a disabled person.

3. Defendants provide residents of the Forma Building several options for parking. Residents have the option of paying a monthly fee for a parking space in a covered parking lot which uses an automated vertical parking system. This system requires drivers to park their cars on small platforms that then can be raised up to allow another car to enter the garage and park underneath. This parking garage is on the ground floor of the Forma Building adjacent to the lobby, but the platforms that raise and lower the cars are not accessible for Plaintiff and other disabled residents. The platforms are too small to allow sufficient space for Plaintiff to safely exit his vehicle. Defendants also offer residents the option of paying for a parking space in a standard parking garage which is located several blocks from the Forma Building. Lastly, Defendants offer limited standard parking options near the door to the lobby of the building that are typically reserved for prospective tenants. There are also at least two "informal" spaces where it is common that residents park by are not official spaces. Defendants have also provided two designated accessible parking spaces which are available on a "first come first served" basis directly adjacent to the door between the garage at the lobby.

4. The parking program at the Forma Building disproportionately and disparately impacts disabled residents, including Plaintiff. Plaintiff has repeatedly made reasonable requests

2
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  to Defendants for accommodations related to his disability since he moved into the building in
2  December 2023, but Defendants have failed to grant or even respond to any of his requests.  For
3  example, Plaintiff has repeatedly requested a designated accessible parking space or other
4  assigned parking space near the entrance to the building to ensure he is able to disembark from
5  his car and is not forced to park several blocks away, but Defendants have refused.  Further,
6  Defendants have a pattern and practice of allowing residents and employees who are not disabled
7  and do not have disabled parking placards or license plates to park in the designated accessible
8  parking places without penalty. Plaintiff has complained to Defendants and requested that they
9  accommodate his disability by enforcing their own parking policy by having the illegally parked
10 vehicles tickets and/or towed. Defendants refused to enforce their parking policy regarding the
11 designated accessible parking spaces or even engage in discussions with Plaintiff regarding his
12 requests for enforcement of the parking policy. He also requested that he be assigned an
13 accessible space or other useable parking space in the area near the Forma Building lobby.
14 However, the requests were ignored.

15      5.      Defendants' refusal to engage in discussion around Plaintiff's requested
16 accommodation has caused him significant stress, difficulty, and discomfort.  Due to Defendants'
17 unwillingness to provide Plaintiff with an assigned accessible parking space at the Forma
18 Building or at least enforce a parking policy which fines and/or tows vehicles illegally parked in
19 the designated accessible parking spaces Plaintiff has had to park far from the building which
20 caused him exhaustion and put him at risk for experiencing bodily functions accidents given the
21 nature of his Crohn's Disease disability.

22      6.      Plaintiff seeks an injunction compelling Defendants to grant his reasonable
23 accommodation requests so that he can fully use and enjoy his dwelling in a manner that is
24 substantially equal to that of other tenants at the Forma Building and to change their policies to
25 provide reasonable accommodations to disabled tenants; damages for the injuries Plaintiff has
26 suffered and will continue to suffer until Defendants changes its discriminatory behavior; and
27 attorney's fees, litigation expenses, and costs as provided by statute.

28      7.      **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

section 1331 for violations of the Fair Housing Act, 42 U.S.C. sections 3601 *et seq*. This Court has jurisdiction over the pendent state-law claims brought under California law pursuant to 28 U.S.C. section 1367.

8. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is founded on the fact that the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

9. **INTRADISTRICT:** This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

10. **PARTIES:** Plaintiff DAVID NICHERIE is a "person with a disability" or "physically handicapped person." Plaintiff had a kidney transplant after being on dialysis for six years. This condition causes Plaintiff exhaustion, dizziness, and heart palpitations which makes it difficult for Plaintiff to walk long distances. Plaintiff also suffers from Crohn's disease which causes abdominal pain, diarrhea, fatigue, and frequent bowl movements. As a result of his Crohn's disease, Plaintiff must frequently use the restroom with urgency or risk a bodily functions accident. Plaintiff has also been diagnosed with nerve damage (potentially as a result of long covid or as a result of his long-standing Crohn's disease) which causes periodic blurred vision, vestibular migraines, and dizziness. Plaintiff is entitled by permit from the State of California to park any vehicle which he drives or is transported in, in a designated and properly configured disabled accessible parking space. Plaintiff is and at all relevant times was a "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345.

11. Defendant 2016 TELEGRAPH OWNER, LLC, is the legal owner of the 135-unit apartment building known as the Forma Building located at 2016 Telegraph Ave, Oakland, California. The Forma Building is a dwelling within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b), a housing accommodation under FEHA, Government Code § 12927(d), and the

1  Disabled Persons Act, Civil Code § 54.1(b)(2), and a business establishment under the Unruh
2  Act, Civil Code § 51. The Forma Building was built in 2022 and is therefore subject to the design
3  and construction requirements of 42 U.S.C. § 3604(f)(3)(C)and Chapter 11A of the California
4  Building Code.

5      12.    HOLLAND PARTNER GROUP, LLC, manages and operates the Forma Building.

6      13.    **FACTUAL STATEMENT:**  At the end of 2023 Plaintiff was looking for
7  apartments to rent in Oakland.  He toured the Forma Building, and he liked the amenities.
8  However, he was unsure about the accessibility of the parking offerings at the building.  During
9  the tour, Plaintiff informed Defendants' employee that he had a disabled parking placard, and he
10 requested the accommodation of being assigned either one of the designated accessible parking
11 spaces provided to residents and their guest or the parking space designated as the "future
12 resident" space which is reserved for people touring the building.  Both of these spaces are near
13 the entrance to the building and would have guaranteed easy access to his apartment for Plaintiff.
14 Defendants' representative told Plaintiff that it was not possible to be assigned either one of the
15 accessible parking spaces or the future residents parking space.

16     14.    Plaintiff decided to move into the Forma building anyway, and he moved into his
17 apartment in December 2023. Initially, Plaintiff did not have a vehicle, but in January 2024,
18 Plaintiff acquired a vehicle, and he began paying for a parking space. The onsite parking at the
19 Forma Building uses an automated vertical parking system which requires drivers to park their
20 cars on small platforms that then can be raised up to allow another car to enter the garage and
21 park underneath. This system is not accessible for Plaintiff because the platforms on which
22 residents park their cars do not allow sufficient space for Plaintiff to safely exit his vehicle.  Due
23 to pain from prior surgeries, Plaintiff finds these narrow or confined spaces inaccessible.
24 Defendants also offer parking in a standard covered parking lot a few blocks away from the
25 Forma Building which is where Plaintiff paid to park his vehicle. Of course, since Plaintiff has a
26 placard from the California Department of Motor Vehicles which allows him to park in
27 designated accessible parking spaces, Plaintiff thought he would also be able to park his vehicle
28 in the accessible parking spaces near the entrance to the Forma Building when they were

1 available.

2     15.    Unfortunately, Plaintiff was rarely able to park in the designated accessible parking spaces close to the door between the garage and the lobby.  Shortly after moving in, Plaintiff began to experience issues with parking including that members of Defendants' security team would park in the designated accessible parking spaces and/or the access aisle between the two spaces, even though these spaces were supposed to be reserved for residents and their guests.

    16.    Initially, Plaintiff did not raise concerns with Defendants as he noticed that a member of the on-site security team who was parked in the accessible space displayed a valid disabled parking placard in his car. However, over time, unauthorized vehicles began occupying accessible parking spaces without displaying placards. Plaintiff reported these incidents to Marcus and Lorena in the leasing office in approximately January 2024. Defendants' representatives responded that Plaintiff should report such issues as they occurred, and they assured him they would address the matter. At the time, Plaintiff, who was living independently for the first time and had no previous experience with property managers, gave them the benefit of the doubt.

    17.    By February 2024, Plaintiff was facing consistent issues with being denied access to an accessible parking space due to cars who were parked in those spaces without displaying a disabled placard. On the night of March 22, 2024, Plaintiff returned home at approximately 9:30 p.m., after working a night shift as a medical assistant, to find a security guard's vehicle—lacking a disabled placard—parked in the designated accessible parking space. He informed the on-site female security guard at the front desk of the violation. She acknowledged the issue and said she would notify the other guard.

    18.    Plaintiff was forced to park in the overflow lot located approximately three blocks away and then walk back to the Forma Building. While entering the elevator, a male security guard approached Plaintiff, confirmed he was the person who had raised the concern about his car being parked in the designated accessible parking space, and aggressively stated, "do something about it!" The guard stood under a foot (inches) from Plaintiff while he said this. The guard followed Plaintiff into the elevator, and continued to behave confrontationally, stating he would

continue parking in the designated accessible parking space regardless of the Plaintiff's needs. Later that evening, Plaintiff exited the Forma Building to walk his dog, and upon re-entering through the front entrance, the security guard again yelled at him, calling him "entitled." Plaintiff reminded the guard that parking without a placard in an accessible spot was a violation of state law. That night, Plaintiff filed a formal complaint with Defendants regarding the incident via Defendant's online resident portal.[1]

19.   Within 48 hours, Plaintiff followed up in person with the leasing office regarding the incident, but Defendants' employees were unaware of the complaint. Defendants' employees acknowledged that the security guard's behavior was inappropriate and assured Plaintiff that the parking policies would be enforced at the Forma Building. Plaintiff reiterated that he did not feel safe and again requested that Defendants accommodate him by assigning him the "Future Resident" parking space, but Defendants declined. This space, while not configured up to accessibility standards, is the next closest parking space adjacent to the door that leads to the lobby. Because distance is the main debilitating issue for Plaintiff, this accommodation, if granted would have fully resolved the issue.  Instead, Defendants prioritized prospective tenants over the real needs of their existing disabled one.

20.   Plaintiff has PTSD related to his medical conditions, and he was triggered by the confrontation with Defendants' security guard. For the next month, Plaintiff intentionally avoided the lobby of the Forma Building when entering and exiting the building so that he would not have to interact with the security guards, taking alternate routes to avoid the area.

21.   In April of 2024, Defendants began contracting with a new security company, so Plaintiff felt more comfortable entering and exiting the building through the lobby. However, feeling discouraged by previous inaction, Plaintiff stopped reporting instances of vehicles illegally occupying accessible spaces for a few months, even though they were rampant. However, he continued to check daily whether a designated accessible parking space was available and whether the space was occupied by a vehicle displaying a disabled placard or not.

---

[1] Plaintiff requests that Defendant preserve all evidence, communications, and writings associated with Plaintiff's use of the portal.

7

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

1  If the space was available, Plaintiff would park there if not, Plaintiff would have to find
2  alternative parking usually quite far from the Forma Building.

3        22.    Sometime in approximately September or October of 2024, Plaintiff resumed
4  complaints to security and the leasing office regarding cars that were illegally parked in the
5  designated accessible parking space. Residents also frequently illegally parked in the "Future
6  Resident" space, and the loading zones throughout the parking area. However, Plaintiff was
7  informed by security that they were not authorized to ticket or tow illegally parked vehicles. The
8  most they could do was leave a warning note for the resident on the vehicle. It seemed
9  incongruent to Plaintiff that management sent repeated emails to the entire building threatening
10 $100 fines for off-leash dogs or failure to pick up pet waste, while consistently failing to enforce
11 parking regulations and stating that they could not fine or tow cars for parking illegally.

12       23.    Plaintiff sent several written requests through the resident portal for reasonable
13 accommodations related to parking, including requesting to be assigned a designated accessible
14 parking space and requesting that Defendants enforce the laws regarding accessible parking
15 spaces, but he never received a response. Plaintiff also continued to report incidents when the
16 designated accessible parking spaces were occupied by vehicles not displaying a disabled placard
17 or disabled license plates. In December of 2024, Plaintiff estimates that 70% of the time that he
18 attempted to park in the accessible parking spaces at the Forma Building those spaces were
19 occupied by cars illegally parked there without displaying a disabled parking placard or having
20 disabled plates.

21       24.    In January of 2025 alone, Plaintiff documented at least eight instances when a
22 vehicle was illegally parked in at least one of the accessible parking spaces at the Forma Building.
23 During the month of January 2025 Plaintiff also sent at least three email complaints to
24 Defendants' employees reporting instances of residents or employees (one of whom claimed she
25 "managed the building") illegally parking in the designated accessible parking places. However,
26 clearly nothing was done because Plaintiff documented at least five instances of vehicles without
27 disabled placards or license plates parking in designated accessible parking spaces in February of
28 2025.

25.     Due to his disability, Plaintiff tires easily when he has to walk long distances, and he needs quick and easy access to a restroom or he risks a bodily functions accident. On several occasions, Plaintiff has had to ask the security guards to allow him to use the restroom near the designated accessible parking space (which is kept locked) because he could not make it up to his apartment without risking a bodily functions accident. At least once, Plaintiff had to park his vehicle in the loading zone near the entrance to the Forma Building, go use the restroom, and then move his vehicle due to his urgent need to use the restroom. Although Plaintiff was initially paying a monthly fee to park in the overflow parking lot three blocks away, he ultimately stopped paying for that space because it was simply untenable for him to walk that far back to his apartment. When the accessible parking spaces were occupied (usually by residents who were not disabled or were not displaying a parking placard) Plaintiff had to find a parking place on the street. The street parking he could find was usually closer to the Forma Building than the overflow parking lot, but it put his car at risk for theft and vandalism. Once, Plaintiff returned to his vehicle after parking it on the street overnight only to find that someone had smeared feces all over the door of his vehicle.

26.     Defendants' parking program and policies for the Forma Building are discriminatory for disabled residents. The standard parking options they offer are not accessible, and Defendants refuse to enforce the law by only allowing vehicles displaying a disabled parking placard or a disabled license plate to park in the limited designated accessible parking spaces they do offer. Further, Defendants have refused to engage in any discussions surrounding Plaintiff's requests for accommodations regarding their parking program and policies. Defendants' refusal to accommodate Plaintiff has caused him significant difficulty, stress, fear of bodily functions accidents, and exhaustion.

27.     Plaintiff is informed and believes, and therefore alleges, that there are additional, non-compliant conditions at the Forma Building that violate either federal or California disabled access standards, or both. Plaintiff seeks injunctive relief to have these non-compliant conditions repaired. Plaintiff will use the discover process, including expert discovery, to identify all the noncompliant conditions for which he seeks injunctive relief, and will seek to amend his

complaint to include all non-compliant conditions identified at the FRCP 34 site inspection.

**FIRST CAUSE OF ACTION:
VIOLATION OF THE FEDERAL FAIR HOUSING ACT
(42 U.S.C. § 3601 *et seq.*)**

28.     Plaintiff replead and incorporate by reference, as if fully set forth again below, the factual allegations contained in Paragraphs 1 through 27, above, and incorporates them here by reference as if separately repleaded hereafter.

29.     The Forma Building is a "dwelling" available "to rent" within the meaning of the Fair Housing Act (FHA).  42 U.S.C.A. § 3602.  It is a "covered multi family dwelling" under section 3604 (f)(7)(A).

30.     Based on the above, Defendants have violated the protections afforded to Plaintiff under the FHA, including, but not limited to, the following:

      a.     Failing and refusing to make reasonable accommodations in policies, programs, and procedures when such is necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling.

      b.     Failing and refusing to provide sufficient accessible parking spaces to service the Forma Building of the building;

31.     Defendants had actual knowledge that Plaintiff is a person with a disability. Plaintiff affirmatively requested several accommodation including that he be assigned an accessible parking space in the parking lot of the building and requesting that Defendants' enforce a policy of only allowing cars displaying a disabled parking placard to park in the accessible parking spaces that were available several times both orally and in writing.  Defendants repeatedly refused or failed to respond to the requests for accommodations.

32.     Defendants maintain a pattern and practice of denying Plaintiff full and equal access to his dwelling by failure to maintain accessible parking areas, and failure to respond appropriately to requests for accommodation.  42 U.S.C.A. § 3604(f)(3).

33.     For these reasons, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
*(Cal. Government Code § 12955 et seq.)*

34. Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them here as if separately re-pleaded.

35. The Fair Employment and Housing Act (FEHA) prohibits discrimination on the basis of disability in housing. Gov.C. § 12955 *et seq*.

36. The Forma Building is a "housing accommodation" within the meaning of FEHA. Cal. Gov't Code § 12927.

37. Based on the above, Defendants have violated the protections of FEHA as follows:

    a. Failure to design, construct and/or maintain an accessible parking that is readily accessible to and usable by persons with disabilities; and

    b. Failure to modify policies and practices to provide reasonable accommodations to Plaintiff, including changes in policies, programs and procedures that allow persons with disabilities to enjoy their rental dwelling to the same extent as those without disabilities.

38. Based on the above, Plaintiff is entitled to actual damages, punitive and exemplary damages and injunctive relief as set forth below.

WHEREFORE, Plaintiff prays for damages and injunctive relief as stated below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
*(Cal. Civ. Code § 54 et seq)*

39. Plaintiff repleads and incorporate by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 38 of this Complaint and incorporates them here as if separately re-pleaded.

40. The Disabled Persons Act (DPA) requires, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all

persons." Civ.C. § 54.1(b)(1).

41. The subject apartment building is a housing accommodation under Civil Code section 54.1(b)(2). Plaintiff is a person with a disability within the meaning of the DPA.

42. For these reasons, Defendants have violated the DPA as follows:

    a. Denying Plaintiff full and equal access to his housing accommodations, (Civ.C. § 54.1(b)(1));

    b. Failure and refusal to construct and/or alter the facilities in compliance with State building codes, and/or to maintain them in accessible condition;

    c. Refusing to "make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy the premises." (Civ.C. § 54.1(b)(3)(B)); and

    d. Failure and refusal to provide sufficient accessible parking spaces and an accessible parking program at the building.

43. Plaintiff has suffered actual damage as a result of such failures which they allege stems from Defendants' knowing and intentional violation of their rights as a disabled person and a person associated with a disabled person under California Law.

44. Based on the above, Plaintiff is entitled to statutory damages, actual damages, punitive and exemplary damages as set forth below.

WHEREFORE, Plaintiff request relief as outlined below.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF UNRUH CIVIL RIGHT ACT**
**(Cal. Civ. Code § 51 *et seq.*)**

45. Plaintiff repleads and incorporate by reference, as if fully set forth again below, the allegations contained in Paragraphs 1 through 44 of this Complaint and incorporates them here as if separately re-pleaded.

46. At all times mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

47. The building is a business establishment and Plaintiff is a person with a disability within the meaning of the Unruh Act.

48. Defendants violated the Unruh Act by its acts and omissions, including, but not limited to, the following:

    a. Failure and refusal to modify the policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services; and

    b. Failure and refusal to construct and/or alter the building's facilities in compliance with state building code and state housing requirements;

    c. Failure and refusal to provide sufficient accessible parking spaces and an accessible parking program at the building.

49. Plaintiff is informed, believes and thereon alleges that Defendants' behavior, as alleged here, was intentional: Defendants were aware or were made aware of their duties to refrain from establishing discriminatory policies and barriers preventing physically disabled persons from accessing its facilities, before this Complaint was filed.

50. Defendants' refusal to provide disabled tenants with assigned accessible parking spaces, accessible public areas, and common spaces in violation of the laws set forth above, demonstrates a knowing and conscious disregard for the law in general and an intentional denial of rights of disabled tenants in particular. Such conduct justifies an award of treble, punitive and exemplary damages along with all other relief sought.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged here, unless Plaintiff

is granted the relief they request. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff DAVID NICHERIE prays for judgment and the following specific relief against Defendants:

1. An order enjoining Defendants, their agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To provide a policy and procedure consistent with California and federal law to provide reasonable accommodations for persons with disabilities who live at the building or who wish to do so, including assign disabled Plaintiff an accessible parking space in the parking lot of the building;

   c. To modify the building's facilities to provide full and equal access to tenants with physical disabilities in accordance with 42 U.S.C. § 3604(f)(C)(4) and Chapter 11A of the California Building Code, and to maintain such accessible facilities once they are provided;

   d. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons;

   e. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

2. Retain jurisdiction over the Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of here no longer occur, and cannot recur;

3. Award to Plaintiffs all appropriate damages, including, but not limited to, statutory damages, general damages, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest under Civil Code section 3291; and

6. Grant any other relief that this Court may deem just and proper.

Date: April 23, 2025                                        CLEFTON DISABILITY LAW

                                                         */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
DAVID NICHERIE

## JURY DEMAND

Plaintiffs demands a trial by jury for all claims for which a jury is permitted.

Date: April 23, 2025                                        CLEFTON DISABILITY LAW

                                                         */s/ Aaron Clefton*
By AARON CLEFTON, Esq.
Attorney for Plaintiff
DAVID NICHERIE